**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 1:12-cv-2653-WJM-BNB

KEVIN MUSE,

      Plaintiff,

v.

RETS TECH CENTER, INC., an Ohio corporation d/b/a FORTIS INSTITUTE ONLINE, a division of FORTIS COLLEGE IN CENTERVILLE, OHIO,

      Defendant.

---

## ORDER REMANDING ACTION TO ARAPAHOE COUNTY DISTRICT COURT

---

      This matter is before the Court *sua sponte* on Defendant's Notice of Removal (the "Notice").  (ECF No. 1.)  In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

      In the Notice, Defendant avers that the Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  (*Id*. at 1.)  Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  The Notice sufficiently alleges that the Plaintiff and Defendant are citizens of different states.  (ECF No. 1 at 2, 4-5.)  The only

issue here is whether there is sufficient evidence that the amount in controversy exceeds $75,000.

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  Here, the Complaint does not include a sum certain damages request.  (ECF No. 3.)  The Court therefore must look to the Notice to determine if defendant has "affirmatively established" the amount in controversy.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  When doing so, the Court must keep in mind that the "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin*, 251 F.3d at 1289-90.

In the Complaint, Plaintiff seeks to recover damages for the Defendant's alleged breach of his employment contract, as well as slander.  (ECF No. 3 at 4-5)  In the Notice, Defendant alleges Plaintiff's employment contract was worth $110,000 annually. (ECF No. 1 at 6.)  Defendant admits that, because Plaintiff was only terminated about four months ago, his contract damages would currently be less than $40,000.  (*Id.*) Defendant also points out that Plaintiff is seeking damages for slander *per se* based on an accusation that Plaintiff forged documents.  (*Id.*)  Defendant also alleges that, in a pre-litigation settlement demand letter, Plaintiff requested damages of $110,000.  (*Id.*; ECF No. 1-3.)  Based on these facts, Defendant states: "Plainly, [Plaintiff's] contract and tort claims exceed $75,000 in value."  (*Id.*)

2

The party invoking federal jurisdiction—here, the Defendant—bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court starts with the presumption that there is no sufficient basis for subject matter jurisdiction and the burden is on the removing party to establish by a preponderance of the evidence the facts necessary to demonstrate the existence of such jurisdiction. *McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008). In the Notice, Defendant admits that Plaintiff's contractual damages are less than $40,000. There is no allegation that Plaintiff would be entitled to recover attorney fees if he prevails on his claims and the Court cannot consider costs in determining whether the jurisdictional minimum has been satisfied. *See* 28 U.S.C. § 1332(a)(1); *Tafoya v. Am. Family Ins. Co.*, 2009 WL 211661, *2 (D. Colo. Jan. 28, 2009). Thus, Defendant would have the Court assign a value of at least $35,000 to Plaintiff's defamation claim without any evidence in the record supporting such valuation. Given the presumption against subject matter jurisdiction, the Court finds that the Notice of Removal is insufficient to meet Defendant's burden of establishing jurisdiction.

Accordingly, the Court ORDERS that the above-captioned action is REMANDED to the District Court of the County of Arapahoe, Colorado.

Dated this 16th day of October, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge

3